**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Plaintiff** | ) | **CASE NO.1:07CR551** |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **JERRY WOOD,** | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **Defendant** | ) | |

This matter comes before the Court upon Defendant's Motion to Dismiss Indictment (ECF DKT #24) and the Government's Opposition to Defendant's Motion to Dismiss (ECF DKT # 25). For the reasons which follow, the Defendant's Motion is denied.

## FACTUAL BACKGROUND

The operative facts are not in dispute. On October 20, 1978, Defendant was convicted of receipt of a machine gun, pursuant to 18 U.S.C § 922 (h) (1) and sentenced under the Youth Corrections Act [1] (YCA).

The United States District Court for the Middle District of Pennsylvania, stated in relevant part:

---

[1] The Youth Corrections Act was repealed in October, 1984 (USCS 5021) Repealed Pub. L. 98-473, Title II Sec. 218 (a) (8), Oct. 12, 1984, 98 Stat 2027

1

> It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for treatment and supervision pursuant to 18 U.S.C. Section 5010(b) until discharged by the United States Parole Commission as provided in 18 U.S.C. 5017.

Defendant was subsequently paroled (conditionally released), on January 4, 1980 and violated his parole within seven months of his release. On August 25, 1980, the United States Parole Commission issued an arrest warrant and on May 29, 1981, Defendant was arrested. On September 15, 1981, the United States Parole Commission revoked his parole and re-imprisoned the Defendant. On June 23, 1984 the United States Parole Commission paroled, or conditionally released, the Defendant until June 29, 1985, which was Defendant's maximum sentence under the YCA.[2] Defendant does not dispute he served the maximum sentence.

On March 4, 2005 a state search warrant was executed at Defendant's then Cleveland Heights, Ohio residence, resulting in the seizure of Defendant's firearms and ammunition. On October 26, 2005 the United States commenced a civil forfeiture proceeding in United States v. Twenty-Two (22) Firearms and 6367 Rounds of Ammunition (1:05cv 2519) assigned to this Court. Defendant argued for a dismissal, as he does in the present case, contending the predicate offense of possession of firearms and ammunition in violation of 18 U.S.C. § 922 (g) (1) was unconditionally discharged by virtue of the YCA, specifically set forth in footnote 2 of the present Opinion and Order.

This Court, on February 2, 2007 in 1:05cv2519, granted summary judgment for the

---

[2] Sec. 5017 (c) of the YCA states " a youth offender under Section 5010 (c) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction".

United States, finding Defendant had not presented any evidence he received "an unconditional discharge under the [F] YCA, nor set aside his conviction." Opinion and Order p.5.[3]

On November 7, 2007, Defendant was indicted for one count of Possession of a Firearm by a Convicted Felon in violation of Title 18 U.S.C. Section 922 (g) (1) in the present case (1:07 cr551). Defendant argues the predicate offense (his federal firearms conviction in United States v. Wood No. 78-69 (M.D.PA in 1978)) was expunged, or set aside, by virtue of the now-repealed language of the YCA. See footnote 2 of this Opinion and Order, supra.

## ISSUE

The sole issue before this Court is whether Defendant's 1978 federal firearms conviction was unconditionally discharged, (set aside or expunged) by virtue of Defendant serving the maximum sentence under the provisions of the former YCA. Defendant requests an oral hearing.

## LAW AND ANALYSIS

At the outset, the Court finds an oral hearing is not necessary because the operative facts are not disputed and the Court finds the controlling law clear, such that oral argument would not benefit the Court's analysis. United States v. Thompson, 2001 WL 820905**4 (6th Cir. 2001).

Defendant cites United States v. Arrington, 618 F.2d 1119 (5th Cir.1980) in support

---

[3] Defendant does not dispute that he cannot produce a "Certificate Setting Aside Conviction" pursuant to 18 U.S.C §5021 (a), although he argues such a certificate is unnecessary because Defendant was unconditionally discharged as a matter of law. Defendant's Motion p.7 and footnote 5.

3

of his contention that Defendant's prior YCA sentence was automatically expunged

("unconditionally discharged") after six years upon completion of his maximum sentence.

In Arrington, the Court overturned Defendant's Felon in Possession of a Firearm

conviction, employing the same analysis the Defendant espouses in the present case.

The Defendant devoted considerable time outlining the history and purpose behind the

YCA, arguing Arrington is consistent with that background and contending the

Government in the present case "cannot second-guess the trial court now, trying to

lengthen Defendant Wood's sentence because no section 5021 (a) certificate issued."

Defendant's Motion p.9.

In United States v. Dempsey, 733 F.2d 392 (6th Cir. 1984), the Sixth Circuit had

the opportunity to interpret Sec. 5017 (c) of the YCA.   In Dempsey, the issue was

whether Defendant's prior YCA conviction could be presented during his federal drug

trafficking trial.  The resolution of that issue required the Court to decide whether

completion of Defendant's maximum sentence under the YCA pursuant to §5010 (b) (as

in this case) entitled him to an unconditional discharge ( expungement) of his prior

conviction pursuant to Sec. 5017 (c).  The Sixth Circuit held contra to the Arrington

Court's interpretation, finding "Dempsey was not discharged by the parole commission

before the expiration of the maximum sentence imposed upon him, and thus he was not

entitled to have his conviction automatically set aside... (original emphasis).  The Sixth

Circuit addressed the Arrington Court's analysis:


We disagree with the conclusion of the court in United States v.

4

> Arrington, 618F.2d 1119 5th Cir. 1980)...that mere completion of the
> maximum sentence under the Youth Corrections Act entitles a
> defendant to expunction of his criminal record. Section 5021(a)
> clearly requires that the parole commission unconditionally discharge
> the youth offender before the expiration of the maximum sentence.

Id at 399. Because Defendant did not produce any evidence demonstrating he was

unconditionally discharged prior to completion of his maximum sentence, the Dempsey

Court held against the Defendant on his expungement argument.

Further, in Tuten v. United States, 460 U.S. 660 (1983), the Supreme Court of the

United States analyzed the probationary counterpart of the YCA language at issue here,

rejecting the Arrington Court's holding, finding "[the defendant's] interpretation is

contrary to the language of the statute itself, which provides that a 'discharge shall

automatically set aside the conviction' if the court 'unconditionally discharge[s] [the] youth

offender from probation *prior to* the expiration of the of the maximum period of probation

theretofore fixed by the court.'" Id. at 666 (quoting 18 U.S.C. § 5021(b)). The Supreme

Court went on to explain why its interpretation of § 5021 comported with the

congressional policy underlying the YCA.

> Under the interpretation of § 5021(b) plainly suggested by the language
> of the statute, the conviction of a youth offender who has
> been placed on probation under § 5010(a) is not set aside where, as
> here, the court has *not* exercised its discretion to discharge him
> unconditionally "prior to the expiration of the maximum period of
> probation theretofore fixed by the court," which in this case  was two
> years. This limitation is fully consistent with the rehabilitative purposes of
> the YCA as well as with **Congress' intent to employ the set-aside as
> an incentive for positive behavior by youths sentenced under the
> Act. The incentive might be significantly weaker if convictions were
> set aside regardless of whether the youth offender, by his conduct
> during the probationary period, had convinced the sentencing
> court to discharge him before the expiration of his probationary
> term.**

Id. at 667 (emphasis added).

5

Accord, Dorszynski v. United States 418 U.S. 424 (1974).

Controlling law from the United States Supreme Court and the Sixth Circuit is clear - unless Defendant Wood can factually demonstrate he was unconditionally discharged prior to completion of the maximum sentence under the YCA, the predicate offense remains and forms the proper element for the current indictment for Felon in Possession of a Firearm.

Further, the holding by the Court in the present case is consistent with its findings and holdings in its Opinion and Order of February 2, 2007.

## CONCLUSION

Therefore, based upon the foregoing reasons, Defendant's Motion to Dismiss Indictment is **DENIED**.

It is so ordered.

Date: 3/26/08

Christopher A. Boyko
United States District Judge