UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR551 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY M. WOOD, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter is before the Court on Defendant's Motion to Reopen Case and Vacate his Conviction for being a Felon in Possession of a Firearm. (Doc. 83). Defendant primarily relies on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court determined that the Government must prove a criminal defendant knew he was a felon to convict him of being a felon-in-possession of a firearm. *Rehaif*, 139 S. Ct. at 2194. Defendant argues that the Government cannot demonstrate Defendant knew he was a felon at the time of the offense. Thus, the Court must vacate Defendant's conviction.

The Government disagrees. (Doc. 84). In its Opposition, the Government focuses on what Defendant's Motion really is – a successive petition for habeas corpus relief under 28 U.S.C. § 2255. And since Defendant is no longer in custody,[1] the Court has no jurisdiction over his claim. *See* 28 U.S.C. § 2255 ("a prisoner *in custody*…may move the court which imposed

---

[1] Defendant began his period of supervised release on August 26, 2013. He moved for early termination of his supervised release on July 9, 2015, which the Court granted.

the sentence to vacate…the sentence") (emphasis added). The Government also acknowledges the possibility of a writ of error coram nobis, but concludes the extraordinary writ is unavailable to Defendant.

In his Reply, Defendant clarifies that his motion seeks a writ of scire facias. (Doc. 85). He then relies on the record, certain facts, and again on the Supreme Court's decision in *Rehaif*.

After reviewing the parties briefing, the Court denies Defendant's Motion. First, the Court agrees with the Government's position and adopts it herein. Second, Federal Rule of Civil Procedure 81(b) abolished the writ of scire facias. Fed. R. Civ. P. 81(b). Thus, Defendant's clarification in his Reply does not help his case. Finally, the Supreme Court's decision in *Rehaif* cannot provide the type of relief Defendant seeks. The Sixth Circuit has stated that the rule announced in *Rehaif* is not a 'new rule of constitutional law' and thus cannot support a collateral attack on a sentence. *Khamisi-El v. United States*, 800 Fed. App'x 344, 349 (6th Cir. 2020). This reasoning applies with greater weight here since Defendant already served his sentence.

Accordingly, the Court **DENIES** Defendant's Motion to Reopen and Vacate his Conviction.

**IT IS SO ORDERED.**

                                     s/ Christopher A. Boyko
                                     **CHRISTOPHER A. BOYKO**
                                     **Senior United States District Judge**

**Dated: April 15, 2021**